ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, August 6, 2019 4:08:34 PM
CASE NUMBER: 2019 CV 03598 Docket ID: 33688499
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE MONTGOMERY COUNTY COMMON PLEAS COURT

ALICIA ZIRBS,
1643 Fauver Avenue
Dayton, Ohio 45410

    Plaintiff,

v.

LexisNexis Risk Solutions FL Inc.,
6601 Park of Commerce Blvd
Boca Raton, FL 33487

And

Cathi Yeatts
1150 18th St. NW
Washington, D.C. 20036

    Defendants.

:

:   CASE NO.

:   Judge

:

:   **COMPLAINT**

:   **Jury Demand Endorsed Hereon**

:

:

:

:

:

:

**Preliminary Statement**

1. This action seeks compensatory and punitive damages; declaratory and equitable relief; prejudgment and post-judgment interest; and costs for violations of Ohio's antidiscrimination laws committed by Defendants in a repeated and on-going pattern of retaliation after Plaintiff opposed – in a responsible and non-disruptive manner – conduct by a supervisor she believed to be sexual harassment and the harassing and bullying from other employees and managers related to that and other incidents. Separate from the conduct giving rise to the employment claims, Defendants engaged in intentional conduct which inflicted extreme emotional distress on Plaintiff.

**Parties**

2. Plaintiff Alicia Zirbs ("Ms. Zirbs"), was at all times relevant, and continues to be, employed by Defendant LexisNexis ("Defendant-employer").

1

3.  Upon information and belief, Defendant-employer is a foreign corporation organized under the laws of the State of Massachusetts and is dully authorized to conduct business in the State of Ohio, which owns and operates an extensive portion of its business in Montgomery County, Ohio.

4.  Upon information and belief, Defendant Cathi Yeatts ("Defendant-director") is an individual supervisor of Defendant-employer with the title "Director."

5.  Upon information and belief, Defendant-director resides in or around the District of Columbia.

**Jurisdiction and Venue**

6.  This Court has subject matter jurisdiction over this action because Ms. Zirbs's claims arise under Ohio's antidiscrimination laws codified in Chapter 4112 of the Ohio Revised Code.

7.  Venue is proper because at all times relevant Plaintiff was employed at Defendant-employer's Montgomery County, Ohio office, which is located at 9443 N Springboro Pike, Miamisburg, OH 45342. All actions giving rise to this Complaint occurred in Montgomery County, Ohio.

**Facts Common to All Counts**

8.  At all times relevant, Ms. Zirbs was an employee of the Defendant-employer.

9.  Ms. Zirbs has been employed by the Defendant-employer for approximately 28 years.

10. Ms. Zirbs has been, and continues to be, a faithful employee of the Defendant-employer and deeply cares for the business's wellbeing.

11. From 2015 to 2018, Ms. Zirbs held the position and title of Government Sales Specialist.

12. At all times relevant, Ms. Zirbs has received positive employee reviews from the Defendant-employer.

2

13. At all times relevant, Ms. Zirbs has been a productive employee, meeting or exceeding expectations.

14. At all times relevant, Ms. Zirbs has never been subject to any valid disciplinary action plan.

15. In the summer of 2016, Ms. Zirbs was subjected to on-going conduct by one of Defendant-employer's supervisors (referred to hereafter as the "Sales Director") that Ms. Zirbs reasonably believed constituted sexual harassment.

16. The Sales Director was not Ms. Zirbs direct supervisor, but rather, he supervised the Defendant-employer's inside sales representatives (referred to hereafter as the "Sales Team").

17. In her position as a Government Sales Specialist, Ms. Zirbs was required to have daily contact with the Sales Team in a supportive role.

18. During the same summer that Ms. Zirbs was subjected to the conduct of the Sales Director, members from the Sales Team began bullying and harassing Ms. Zirbs and her co-workers.

19. Ms. Zirbs perceived the bullying and harassing by the sales team to be motivated by her gender and that she had complained about sexual harassment regarding the sales director.

20. In July 2016, members of Ms. Zirbs team complained to Defendant-director Cathi Yeatts about the bullying and harassing behavior by the Sales Team.

21. In November 2016, Ms. Zirbs complained about her perceived sexual and gender harassment (referred to generally as harassment hereafter) by the Sales Director to Defendant-employer's management and human resources.

22. Ms. Zirbs was told by Defendant-employer that her allegations would be investigated.

23. Within weeks, Ms. Zirbs was told that no-one had witnessed or overheard the alleged harassment by the Sales Director, so the internal investigation was being closed.

3

24. Upon information and belief, the Defendant-employer did not further address the Sales Director's actions.

25. In December of 2016, Ms. Zirbs applied for the new position of Sales Assistant with the Defendant-employer.

26. Ms. Zirbs applied for this promotion shortly after complaining about the perceived sexual harassment by the Sale Director, as well as the bullying and harassing behavior by the Sales Team.

27. The position of Sales Assistant came with increased pay, benefits, a more distinguished title, and greater responsibility.

28. Additionally, the position would remove Ms. Zirbs from direct contact with individuals she complained were harassing her.

29. Ms. Zirbs was qualified for the Sales Assistant position.

30. Ms. Zirbs did not have any active or pending disciplinary matters preventing her from qualifying for the Sales Assistant position.

31. Upon information and belief, it is Defendant-employer's policy or practice to give preference to internal candidates over external candidates who apply for new job opportunities.

32. In December of 2016, Ms. Zirbs interviewed for the new position.

33. Ms. Zirbs was not selected for the position.

34. Despite Ms. Zirbs's qualifications and experience, Defendant-employer selected an external candidate for the position.

35. Upon information and belief, the external candidate possessed less qualifications than Ms. Zirbs.

36. After being denied the new position, Ms. Zirbs and other members of her team continued to be harassed and bullied by members of the Sales Team.

37. On numerous occasions, Ms. Zirbs complained about this treatment and other work conditions to managers, supervisors, and Defendant-director Cathi Yeatts.

38. Ms. Zirbs sent numerous emails that went unanswered regarding these working conditions.

39. Instead of addressing her complaints, Ms. Zirbs was told that she needed to learn how to deal with "difficult people."

40. After months of bullying and harassment by the Sales Team, Defendant-director Yeatts met with Ms. Zirbs and told her that management would not intervene and that instead, Ms. Zirbs needed to get over the "sex thing" and go into the Sales Supervisor's office and address issues concerning the Sales Team.

41. This is the same Sales Supervisor who Ms. Zirbs had previously complained sexually harassed her.

42. Ms. Zirbs suffered extreme emotional distress at the thought of being ordered by Defendant-director Yeatts to go into the office of the Sales Director, alone, to address ongoing issues of harassment.

43. Ms. Zirbs feared for her job if she did not comply with the instruction to meet individually with the Sales Director.

44. Defendants took no steps to improve the working conditions, and the harassing and bullying continued.

45. Despite her fear and distress, Ms. Zirbs continued, in a non-disruptive way, to complain about workplace conditions, including the harassment and bullying, as well as Defendants'

suggested solution that Ms. Zirbs "get over" the instance of sexual harassment and address continued widespread harassment with the Sales Supervisor alone and directly.

46. Shortly after continuing to voice her complaints, Ms. Zirbs received unjustified work performance counseling in or around March of 2018.

47. Defendant-employer threatened Ms. Zirbs with termination if she did not adjust her alleged "bad attitude" towards the company and her colleagues.

48. Ms. Zirbs took this to refer to her complaints about sexual harassment and other workplace conditions, including the bullying and harassing actions of the Sales Team, among other legitimate and protected workplace complaints.

49. Defendant-employer placed Ms. Zirbs on an "disciplinary action plan" to address Ms. Zirbs's alleged "bad attitude."

50. The action plan prohibited her from participating in protected activities, including complaining about workplace conditions, including the ongoing harassment.

51. Ms. Zirbs was told that failure to follow the action plan would result in more severe discipline.

52. Despite this, Ms. Zirbs bravely continued to exercise its rights, and she filed an internal ethics complaint through Defendant-employer's internal processes.

53. Shortly after receiving the ethics complaint, Defendant-employer began attempting to mitigate the discriminatory and retaliatory actions it had taken against Ms. Zirbs over the last several years.

54. After the ethics complaint was filed, Defendant-employer revoked Ms. Zirbs improper disciplinary action plan.

55. After the ethics complaint was filed, in August 2018, Defendant-employer promoted Ms. Zirbs to the position she had first applied for in 2016.

56. Despite these efforts to mitigate, Ms. Zirbs is still being retaliated against to this day.

57. Ms. Zirbs 2018 performance review, conducted by a supervisor in her old division, contained reviews that did not accurately reflect Ms. Zirbs's performance. Further, Ms. Zirbs's comments on the document disputing the accuracy of the ratings – a standard process given to every LexisNexis employee – were deleted without any explanation.

58. Ms. Zirbs attempted to follow every internal remedy available to her prior to filing this action.

59. Despite her efforts, Ms. Zirbs has been, and continues to be harmed by Defendants' retaliatory and discriminatory actions.

## COUNT I: RETALIATION UNDER R.C. § 4112

60. Ms. Zirbs incorporates all preceding paragraphs as if fully rewritten herein.

61. Ms. Zirbs was engaged in a protected activity when she made an internal sexual harassment complaint.

62. At all times Defendant-employer were aware that Ms. Zirbs was engaged in protected activities.

63. Defendant-employer engaged in retaliatory actions against the Ms. Zirbs including but not limited to denial of a position for which she was qualified.

64. This position came with increased pay and benefits.

65. Defendant-employer's adverse actions as described above were directly related to the protected activities Ms. Zirbs was engaged in.

66. Ms. Zirbs has suffered real harm, including but not limited to severe emotional distress, loss of income, and other benefits.

## COUNT II: RETALIATION UNDER R.C. § 4112

67. Ms. Zirbs incorporates all preceding paragraphs as if fully rewritten herein.

68. Ms. Zirbs engaged in a protected activity when she complained about workplace conditions including bullying, gender harassment, and sexual harassment.

69. At all times Defendants were aware that Ms. Zirbs was engaged in protected activities.

70. Defendants engaged in continued and repeated retaliatory actions against Ms. Zirbs, including but not limited to unwarranted discipline, and threats of termination.

71. Defendants' adverse actions as described above were directly related to the protected activities Ms. Zirbs was engaged in.

72. Ms. Zirbs has suffered real harm, including but not limited to severe emotional distress requiring the treatment of a medical professional.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Ms. Zirbs incorporates all preceding paragraphs as if fully rewritten herein.

74. Ms. Zirbs complained about bullying by the Sales Team to her neutral supervisor, Defendant-director because the Sales Director supervising that team had previously sexually harassed her.

75. Defendant-director Yeatts was aware that Ms. Zirbs had previously complained she was being sexually harassed by the Sales Director.

76. Despite being aware of the situation, Defendant-director told Ms. Zirbs she needed to "get over" the sexual harassment issue and go to the Sales Director's office and speak with him in the office alone.

77. Ms. Zirbs was shocked at this outrageous instruction and that neither Defendant-employer nor Defendant-director would do anything to mitigate this situation other than tell her she needed to speak, alone, with this male supervisor, who she previously reported for sexual harassment, in his office.

78. Defendant's conduct was extreme and outrageous.

79. Ms. Zirbs suffered actual harm for severe emotional distress, for which she treated with a medical professional.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants for the following relief:

a) Actual and punitive damages in excess of $25,000.00, the actual and full amount to be proven at trial;

b) A declaration that Defendant-employer has violated the Ohio's antidiscrimination laws;

c) Equitable relief including but not limited to the expungement of Ms. Zirbs's 2018 performance review, and other equitable relief necessary to prohibit continued discrimination, harassment, and retaliation;

d) Prejudgment and post-judgment interest;

e) Reasonable costs and attorney fees; and

f) Such other relief as this Court deems just and proper.

Respectfully submitted,

Patrick Kasson (0055570)
Thomas N. Spyker (0098075)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Phone: (614) 232-2418
Fax: (614) 232-2410
pkasson@reminger.com
*Counsel for Plaintiff Alicia Zirbs*

## **JURY DEMAND**

Now comes Plaintiff and hereby request a jury to hear all of the issues of this case.

Thomas Spyker (0098075)
Patrick Kasson (0055570)

10